IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEEL S. STYLES, <br><br> Plaintiff, <br><br> v. <br><br> WALMART SAM'S CLUB, <br><br> Defendant. | No. 3:18-CV-00444-M (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* employment case are (1) Plaintiff Teel S. Styles's Motion for Default Judgment (ECF No. 14) and (2) Defendant Walmart Sam's Club's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement (ECF No. 11). For the reasons stated, the District Court should DENY Styles's motion and GRANT Walmart Sam's Club's motion under Federal Rule of Civil Procedure 12(b)(6).

### Background

By this lawsuit, Styles alleges she was harassed while working at one of Defendant Walmart Sam's Club's ("Walmart") stores. Pl.'s Compl. 2 (ECF No. 3). To report this harassment, she filed a formal complaint with the United States Equal Opportunity Employment Commission (the "EEOC"). *See id.* Styles also filed a lawsuit against Walmart in federal district court in 2017. *See* Pl.'s Compl. 4, *Styles v. Walmart Sam's Club*, 3:17-CV-02202-M-BT (ECF No. 3). Because

-1-

Styles had not yet obtained a statutory notice of the right to sue from the EEOC, the district court dismissed her suit. *See* Judgment, *Styles v. Walmart Sam's Club*, 3:17-CV-02202-M-BT (ECF No. 9). Later, after the EEOC issued her a right to sue letter, Styles filed the present lawsuit asserting her "right to to [sic] pursue the Charge of what I claim as Commercial Broadcasting, Sexual Assault, workplace Violence, Discrimination, on behalf of the employer." Pl.'s Compl. 1.

The Court granted Styles leave to proceed *in forma pauperis* and directed the Clerk to issue summons to Walmart at the address Styles provided: 4062 Lyndon B. Johnson Fwy, Dallas, Texas 75241. *See* Order (ECF No. 7). The return of service shows that Regina Ramirez, Assistant Manager, was served at that address on March 5, 2018. (ECF No. 10). Walmart responded by filing its motion to dismiss on March 26, 2018. Styles did not file a response to the motion to dismiss. Instead, she filed a motion for a default judgment on April 5, 2018. Styles's motion for default judgment and Walmart's motion to dismiss are now ripe for determination.

## Legal Standard and Analysis

### Styles's Motion for Default Judgment

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the

Federal Rules of Civil Procedure. *Id.*

Styles is not entitled to a default judgment here because there has been no default by the defendant. Walmart was served on March 5, 2018, and it filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on March 26, 2018. Because Walmart filed a motion to dismiss before the answer deadline, Walmart is not in default. *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (a)(4)(A)-(B). Styles's Motion for Default Judgment thus should be denied.

### Walmart's Motion to Dismiss

When considering a Rule 12(b)(6) motion, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Iqbal* sets out a two-part test: first, the Court must identify which allegations in the complaint are legal conclusions because the Court need not assume those conclusions are true; second, the Court must "consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 680-81. Under the first part of the test, a plaintiff shall state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The second prong of the test under *Iqbal* is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Where a complaint "lack[s] even a threadbare recital of the elements of [a] claim, these filings have certainly failed to allege enough facts to move [the] claim across the line from conceivable to plausible." *Evans v. City of Meridian Ms.*, 630 F. App'x 312, 315 (5th Cir. 2015) (citations and quotations omitted).

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Even for *pro se* parties, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*

Styles's complaint is devoid of specific factual allegations to support a claim for relief. She merely asserts that she is entitled to pursue claims for "Commercial Broadcasting, Sexual Assault, workplace Violence, [and] Discrimination." Pl.'s Compl. 1. But the Fifth Circuit considers mere assertions of causes of action to be legal conclusions, so Styles's list of claims alone will not prevent dismissal. *See, e.g., Gillie v. La. Dep't of State Civ. Serv.*, 559 F. App'x

-4-

333, 335 (5th Cir. 2014) (per curiam).

The only factual allegations Styles pleads beyond procedural details about filing her lawsuit are that she was terminated from "this Employer" and that she received a right to sue letter. *See* Pl.'s Comp. 1. Even when accepted as true and liberally construed, neither of these facts permit the Court to reasonably infer Walmart's liability for any misconduct. Styles's complaint fails to even include a "threadbare recital of the elements" of her claims. *Evans*, 630 F. App'x at 315 (citations and quotations omitted). The Court thus finds that Styles has failed to plead facts which, if true, could support her asserted causes of action. As such, Styles's complaint should be dismissed.

But Styles also should be given an opportunity to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Styles cannot, or is unwilling to, replead her claims with sufficient factual specificity, the Court should grant her until 14 days after any Order accepting this recommendation to file an amended complaint.

### Recommendation

For the foregoing reasons, Styles's Motion for Default Judgment (ECF No. 14) should be DENIED, and Walmart's Rule 12(b)(6) Motion to Dismiss (ECF No.

11) should be GRANTED. The Court should grant Styles one final opportunity to amend her complaint and plead facts sufficient to state a claim for relief.

**SO RECOMMENDED**.

November 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).