IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEEL S. STYLES,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART SAM'S CLUB,<br><br>    Defendant. | Case No. 3:18-cv-00444-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Walmart Sam's Club's Rule 12(b)(6) Motion to Dismiss (the "Motion") (ECF No. 23). For the reasons stated, the District Court should GRANT the Motion.

**Background**

Plaintiff Teel S. Styles alleges that she was harassed while working at one of Defendant Walmart Sam's Club's (Walmart) stores in 2016. Am. Compl. at 2-4 (ECF No. 22). She allegedly filed a formal complaint with the United States Equal Opportunity Employment Commission (the "EEOC") and later sued Walmart in federal district court in 2017. *See* Compl. 2, 4 (ECF No. 3); *see also Styles v. Walmart Sam's Club*, 3:17-cv-02202-M-BT. Because Styles had not yet obtained a statutory notice of the right to sue from the EEOC, the district court dismissed her lawsuit. *See* J. (ECF No. 9), in *Styles v. Walmart Sam's Club*, 3:17-CV-02202-M-BT. After later acquiring notice of her right to sue, Styles filed this lawsuit asserting

1

her "right to to [sic] pursue the Charge of what I claim as Commercial Broadcasting, Sexual Assault, workplace Violence, Discrimination, on behalf of the employer." Compl. at 1.

Walmart moved the Court to dismiss Styles's complaint under Federal Rule of Civil Procedure 12(b)(6). Mot. (ECF No. 11). After considering the motion, the United States Magistrate Judge filed Findings, Conclusions, and a Recommendation (FCR) that the District Court grant Walmart's motion, dismiss Styles's complaint without prejudice, and allow Styles to amend her complaint and plead facts sufficient to state a claim for relief. FCR at 5-6 (ECF No. 19). Over Styles's written Objection (ECF No. 20), the District Court entered an Order Accepting the FCR and granted Styles 30 days to amend her complaint. Order at 1 (ECF No. 21).

Styles filed her Amended Complaint on January 17, 2019. Am. Compl. (ECF No. 22). In it, she attempted to provide additional details surrounding Walmart's conduct giving rise to her claims. Also, she requests relief "on The Grounds That Walmart Sam"s is Guilty of Intentional Commercial Broadcasting, Wrongful Termination, Workplace harassment and Discrimination. That Cause Loss wages and Medical Benefit." *Id.* at 1 (no alterations from original). She also writes that the "court shall grant the Employer of Walmart Sam"s club to pay Monetary , Punitive and Collateral damages in the sum of 2.5 billion Dollars[.]" Styles then alleges that on her orientation day, another newly hired individual who Styles identifies only as "Mitchelle," asked a human resources manager, Norma Labrada,

about Walmart's procedure for reporting fellow employees with offensive body odors. *Id.* at 2. According to Styles, Labrada informed Mitchelle that the Walmart location in question does not have "that problem" but that an employee once had to be told to maintain proper, personal hygiene habits in order to promote a clean and safe work environment. *Id.* at 3.

After her orientation day, Styles worked as a door greeter. *Id.* Within two months of her start date, Styles contends she "was A victim of Consistant Insult Slander By DeFamation through Commercial Broadcasting With Sexual Content .Slandering My Name With Unclean Business Over the Club(Store)Intercom for Everybody with an Listening Ear to Hear." *Id.* She avers she filed a police report and an internal complaint with Walmart. *Id.* After that, she filed a charge with the EEOC and then filed the complaint in *Styles v. Walmart Sam's Club*, 3:17-CV-02202-M-BT. Walmart terminated her employment in September 2017.

Styles also pleads the following facts:

> I Was Suppose To have Been Under A Cleaniness Investigation Whereby Oral Rape For My Breath through Human Traficketing Members Into the Club In Association To Ed Young fellowship Church. To The Best Of My Recollection and Knowledge. Apparently, from what We Know is That. Edwin Young Of Fellowship Church Had State History Abetted A New Member of My Family Across state Line Of North Carolina Behind A Complaint that I had Filed against His Church Years Ago and Had This Person Of Interest to Fabricate some Insult Allegation against My Name and The Plan was to Use this Club( Store) as the grounds To Plott "Stinky Unclean Breath and Menistral Cycle To Save Edwin Young Through His Abbetts. Then we Learned that, Edwin Abetted A Second Person In The State Of Texas A

3

> Aquaintence family Member and The Both But, Not Limited to Domestic Violence the Club whereby Walmat Part[.]

*Id.* at 4. It is here the factual allegations in Styles's Amended Complaint abruptly end.

Walmart filed its renewed Motion to dismiss on January 31, 2019. Mot. (ECF No. 23). Styles failed to file a response, so the Court considers the Motion without the benefit of a response.

## Legal Standards and Analysis

When considering a Rule 12(b)(6) motion, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

*Iqbal* sets out a two-part test: first, the Court must identify which allegations in the complaint are legal conclusions because the Court need not assume those conclusions are true; second, the Court must "consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 680-81. Under the first part of the test, a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The second prong of the test under *Iqbal* is a "context-specific task that requires the

4

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Where a complaint "lack[s] even a threadbare recital of the elements of [a] claim, these filings have certainly failed to allege enough facts to move [the] claim across the line from conceivable to plausible." *Evans v. City of Meridian Ms.*, 630 F. App'x 312, 315 (5th Cir. 2015) (citations and quotations omitted).

Additionally, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). The Court liberally construes Styles's Amended Complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even for *pro se* parties, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*

Here, Styles fails to plausibly state a claim entitling her to relief. Styles asserts the following "claims": "Intentional Commercial Broadcasting, Wrongful Termination, Workplace harassment and Discrimination[,]" and "Insult Slander By DeFamation." Am. Compl. 1, 3. Because mere labels or assertions of causes of action are legal conclusions, Styles's bare allegations that Walmart is liable for a short list of claims—even if they are legally recognized as causes of action—are not

5

entitled to an assumption of truth. *See, e.g.*, *Gillie v. La. Dep't of State Civ. Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (per curiam). For example, to state a claim for employment discrimination, Styles must allege sufficient facts showing (1) that she is a member of a protected class; (2) that she was qualified for her position; (3) that she suffered an adverse employment action; and (4) that she was treated differently than other similarly situated employees not in her protected class. *McCoy v. City of Shreveport*, 493 F.3d 551, 556 (5th Cir. 2007) (per curiam). While Styles need not submit evidence of the elements of her claim, she must at least allege facts in support of each element. *See Chim v. Univ. of Tex. at Austin*, 836 F.3d 467, 471-72 (5th Cir. 2016) (affirming dismissal for failure to state a claim where plaintiff failed to plead sufficient facts to support age discrimination claim). In her Amended Complaint, Styles fails to allege that she is a member of any protected class, that she was qualified for her position, or that she was treated differently than other similarly situated employees not in her protected class. Styles also fails to allege any facts to support her conclusory statements that she was subjected to "Commercial Broadcasting," "Slander," or "Defamation."

With respect to the remaining factual allegations in the Amended Complaint, even when accepted as true and liberally construed, none permit the Court to reasonably infer Walmart's liability for the alleged misconduct. Styles's Amended Complaint fails to include even a "threadbare recital of the elements" of her claims—a flaw that prevents her pleading from crossing the line from conceivable to plausible. *Evans*, 630 F. App'x at 315 (citations and quotations

6

omitted). With respect to Styles's allegations regarding the Ed Young Fellowship Church, a purported investigation into her cleanliness, and a supposed plot to smear her name to her employer, the Court concludes that they are "based on a fantastical or delusional scenario." *See Mason v. AT & T Servs., Inc.*, 2014 WL 804019, at *2 (N.D. Tex. Feb. 28, 2014) (determining that plaintiff's claims that she was "constantly being subjected to noises, watched and followed by her employer and some well-known television ministers lack an arguable basis in fact because they are based on a fantastical or delusional scenario"). The Court finds that Styles has failed to plead facts which, if true, could support her asserted causes of action. Styles's Amended Complaint should be dismissed.

## Recommendation

For the stated reasons, Defendant Walmart Sam's Club's Rule 12(b)(6) Motion to Dismiss (ECF No. 23) should be **GRANTED** and Styles's claims be dismissed.

**SO RECOMMENDED**.

July 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

7

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).